1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    JOAQUIN MARTINEZ,                        No. 2:16-CV-0831-JAM-CMK-P

12                    Plaintiff,

13            vs.                                        <u>ORDER</u>

14    J. LIZARRAGA, et al.,

15                    Defendants.

16    _____/

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Pending before the court are plaintiff's (1) "Moushon to Combined" [sic]

19    (Doc. 9) and (2) motion for the appointment of counsel (Doc. 8).  Also before the court are

20    additional exhibits filed on January 24, 2018 (Doc. 10).

21            Turning to plaintiff's "Moushon to Combined," it appears that plaintiff seeks

22    leave to amend his complaint to incorporate additional documentation.  Pursuant to Federal Rule

23    of Civil Procedure 15(a)(1), a party may amend his pleading once as a matter of right at any time

24    before being served with a responsive pleading. Because no responsive pleading has been filed,

25    leave of court is not required before filing an amended complaint and plaintiff's motion will be

26    denied as unnecessary.  To the extent plaintiff wishes to incorporate additional exhibits and/or

                                                    1

allegations in his original complaint, plaintiff may file a single amended complaint that includes all his allegations and documentation he wishes to include.  Plaintiff is advised that, if no amended complaint is filed within the time provided, this action will proceed on plaintiff's original complaint without reference to any additional documents.  See Local Rule 220.

Plaintiff seeks the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).   A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.

In the present case, the court does not at this time find the required exceptional circumstances.  Plaintiff's "next friend," inmate Anthony Ivan Bobadilla, states that he has been assisting plaintiff will all his court documents and that, due to his transfer to a different prison, he will no longer be able to assist plaintiff and, therefore, that plaintiff requires the appointment of counsel.  This circumstance is not unique or extraordinary.  Furthermore, because plaintiff has not submitted a single pleading containing all his claims and documentation, the court cannot evaluate the complexity of his claims or the likelihood of success on the merits.  Finally, because it is unclear whether plaintiff or his next friend Mr. Bobadilla or someone else prepared the pleadings currently on file, the court cannot evaluate at this time plaintiff's ability to articulate his claims on his own.

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's "Moushon to Combined" (Doc. 9) is construed as a motion for leave to amend and, so construed, the motion is denied as unnecessary;

2.      Plaintiff may file a single amended complaint containing all his claims and documentation within 30 days of the date of this order;

3.      If plaintiff does not file an amended complaint within the time provided, this action will proceed on plaintiff's original complaint; and

4.      Plaintiff's request for the appointment of counsel (Doc. 8) is denied.


DATED: January 31, 2018

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE