IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOAQUIN MARTINEZ,

    Plaintiff,

  v.

J. LIZARRAGA, et al.,

    Defendants.

No. 2:16-CV-0831-JAM-DMC-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for the appointment of counsel (Doc. 16).[1]

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the

---

[1] Plaintiff's complaint is addressed separately.

1

complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the court does not at this time find the required exceptional circumstances.  As explained in the accompanying order, the court finds that plaintiff's complaint currently does not state any claim upon which relief can be granted.  Therefore, the court cannot conclude plaintiff is likely to succeed on the merits of his claims.  Nor can the court make any assessment of the legal or factual complexity involved in this case absent an operable pleading sufficient for service on defendants.  Additionally, while plaintiff has not alleged facts sufficient to state a cognizable claim against any defendant, a review of his filings in this case reflects he has the ability to articulate on his own.  Finally, the court finds the reasons outlined in plaintiff's motion supporting appointment of counsel – lack of funds and legal training – are not exceptional circumstances, but are circumstances common to most prisoners.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (Doc. 16) is denied.

Dated:  November 2, 2018

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE