IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOAQUIN MARTINEZ,

        Plaintiff,

   v.

J. LIZARRAGA, et al.,

        Defendants.

No. 2:16-CV-0831-JAM-DMC-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).[1]

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d

---

[1] Plaintiff's motion for the appointment of counsel is addressed separately.

1

1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on plaintiff's original complaint against defendants J. Lizarraga, the prison warden, M. Elorza, the prison appeals coordinator, and J. Cantu, the prison Americans with Disabilities Act (ADA) coordinator. Plaintiff states:

> This is a complaint for injunctive relief and damages for defendants denied plaintiff the benefits of a program or activity that he meets the essential eligibility requirements of the program, with or without reasonable modifications. They also subject plaintiff, who has a learning disability, to discrimination, bad living condition, cruel and unusual punishment while confined at Mule Creek State Prison.

Doc. 1, p. 3.

Plaintiff then outlines the following timeline of events:

| | |
|---|---|
| December 2, 2015 | Plaintiff filed a "Reasonable Accommodation Request." |
| December 31, 2015 | J. Cantu denied the request and plaintiff filed an inmate appeal. |
| January 14, 2016 | M. Elorza granted plaintiff's inmate appeal in part at the second level. J. Lizarraga responded to plaintiff's inmate appeal at the second level. |
| March 3, 2016 | Plaintiff received a third level response to his inmate appeal from the Chief of Inmate Appeals. |

Id. at 5.

///
///

2

Plaintiff claims defendant Lizarraga is liable because he "was in charge for the inmate population, including plaintiff" and "was responsible for ensuring plaintiff's rights were not violated." Id. at 6. According to plaintiff, defendant Lizarraga was obligated to correct any constitutional violations once made aware of such violations. See id. Plaintiff states the constitutional violations in this case "resulted from the ADA coordinator. . . ." Id. Next, plaintiff alleges defendant "Elorza was in charge by law with the assignment of plaintiff's dissatisfied 'ADA' response (inmate appeal)." Id. at 8. According to plaintiff: "At all times mentioned herein, Defendant M. Elorza failed to adequately implement policies and procedures, state and federal statutory duties to provide the benefit of a program that plaintiff can meet the essential eligibility requirements of the program & the protection of inmate rights." Id. Finally, plaintiff alleges defendant Cantu is liable for denying his reasonable accommodation request. See id. at 9.

## II. DISCUSSION

As currently set forth, the court finds plaintiff's complaint fails to state a claim upon which relief can be granted under § 1983.

Principally, the complaint is defective because plaintiff has not alleged how his constitutional or statutory rights were violated by denial of his reasonable accommodation request, presumably made under the ADA. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

3

In this case, plaintiff does not allege facts establishing his entitlement to the protection of the ADA. Rather, plaintiff merely alleges in a conclusory fashion that he meets the eligibility requirements for accommodation but does not explain how or why he meets those requirements. Absent alleged facts showing plaintiff is entitled to ADA protections, plaintiff cannot establish any violation arising from denial of his request for accommodation.

The court also observes the three named defendants hold supervisory positions. Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

Here, plaintiff appears to allege defendants are liable as supervisory personnel under a respondeat superior theory. Plaintiff has not, however, alleged the implementation of any constitutionally deficient policy, nor has plaintiff alleged how the named defendants' personal conduct violated plaintiff's constitutional or statutory rights beyond their processing of plaintiff's request for accommodation and grievances related to denial of his request.

Finally, to the extent plaintiff alleges defendants are liable by virtue of their handling of plaintiff's inmate grievances, he does not state a cognizable claim. Prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance

process). Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances. Numerous district courts in this circuit have reached the same conclusion. See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983).

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-61; <u>see also</u> Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). <u>See</u> <u>Nevijel v. North Coast Life Ins. Co.</u>, 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: November 2, 2018

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE