# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN MARTINEZ, | No. 2:16-CV-0831-JAM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| J. LIZARRAGA, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motion for the appointment of counsel (Docs. 27 and 31). Also before the court are plaintiff's motions for an extension of time to file a first amended complaint (Docs. 28 and 31). Plaintiff's motions for injunctive relief (Docs. 29 and 30) are addressed by separate findings and recommendations issued herewith.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the

1

complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the court does not at this time find the required exceptional circumstances.  As explained in the November 2, 2018, order, the court finds plaintiff's complaint currently does not state any claim upon which relief can be granted.  Therefore, the court cannot conclude plaintiff is likely to succeed on the merits of his claims.  Nor can the court make any assessment of the legal or factual complexity involved in this case absent an operable pleading sufficient for service on defendants.  Finally, while plaintiff alleges he suffers a mental illness making it difficult for him to litigation this action, plaintiff also states he is being treated for his mental illness by prison officials.  To the extent plaintiff's mental illness necessitates additional time to comply with court deadlines, the court will accommodate reasonable requests for extensions of time.

In that regard, plaintiff seeks additional time to file a first amended complaint pursuant to the court's November 2, 2018, order.  Good cause appearing therefore, plaintiff's requests will be granted.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for the appointment of counsel (Docs. 27 and 31) are denied;

2. Plaintiff's requests for an extension of time (Docs. 28 and 31) are granted; and

3. Plaintiff shall file a first amended complaint within 30 days of the date of this order.

Dated: January 9, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE