IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN MARTINEZ, <br><br> Plaintiff, <br><br> v. <br><br> J. LIZARRAGA, et al., <br><br> Defendants. | No. 2:16-CV-0831-JAM-DMC-P <br><br><br> FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motions entitled "Motion and Notice of Motion for a <u>Do Not Separate</u> Order" (Doc. 29) and "Motion and Notice of Motion for Psych Evaluation; Competence and Order" (Doc. 30), which the court construes as motions seeking injunctive relief because plaintiff seeks orders from this court directing prison officials to take specific action.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See <u>Stormans, Inc. v. Selecky</u>, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing <u>Winter v. Natural Res. Def. Council, Inc.</u>, 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer

1

controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  The court cannot, however, issue an order against individuals who are not parties to the action.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

In his motion captioned "Motion and Notice of Motion for a Do Not Separate Order," plaintiff states that he has a learning disability and is being assisted by his "next friend," inmate Johnny Porras.  Plaintiff seeks an order barring prison officials from housing plaintiff and Mr. Porras at different institutions.  In his motion captioned "Motion and Notice of Motion for Psych Evaluation; Competence and Order," plaintiff seeks an order directing prison officials to perform a psychological evaluation to determine his competence to proceed with his case.

Initially, the court observes that plaintiff has not filed a first amended complaint pursuant to the court's November 2, 2018, order.  Therefore, it is impossible to evaluate whether plaintiff is likely to succeed on the merits of his claims.  To the contrary, as outlined in the November 2, 2018, order, the current operative complaint fails to state a claim upon which relief can be granted.  The court is unable to render any opinion on the merits of plaintiff's claims absent an amended complaint which states cognizable claims.

In any event, plaintiff fails to demonstrate he is likely to suffer irreparable harm absent the requested orders. As to plaintiff's "next friend" legal assistant, Mr. Porras, while it is possible plaintiff and Mr. Porras could be separated if one is transferred to another institution and the other is not, or if they are both transferred but to different institutions, plaintiff has not demonstrated he will be unable to obtain other inmate assistance should he be separated from Mr.

Porras. Moreover, even if he cannot, any harm resulting from lack of an assistant would not be irreparable because plaintiff would be able to seek appropriate and reasonable extensions of time to accommodate his lack of assistance.

Similarly, as to plaintiff's request for an order compelling a psychological evaluation, plaintiff has not demonstrated irreparable harm absent such an order. In particular, the court notes from plaintiff's filings that he is being treated for his mental illness by prison medical staff. On the current record, plaintiff has not made any showing sufficient to persuade the court to interfere with that treatment.

Based on the foregoing, the undersigned recommends that plaintiff's motions for injunctive relief (Docs. 29 and 30) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 11, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE